Argued August 25, affirmed November 14, 1978, petition for review
denied January 30, 1979

In the Matter of Jack Lewis Brown, a child,
STATE ex rel JUVENILE DEPARTMENT OF
KLAMATH COUNTY, *Respondent,*
*v.*
BROWN, *Appellant.*
(Nos. 94-78 and 103-78, CA 10769)

586 P2d 374

Steven P. Couch, Klamath Falls, argued the cause for appellant. With him on the brief was Thomas, Beesley & Couch, Klamath Falls.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Lee and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Appellant, a juvenile, was remanded to Circuit Court on allegations that he committed acts which if committed by an adult would constitute burglary in the first degree and theft in the first degree.[1] He appeals the remand order, arguing that (1) the juvenile court did not make the findings required by ORS 419.533(2), (2) that the court's determination that to retain jurisdiction would not serve the best interests of the child because the child was not amenable to rehabilitation in facilities or programs available to the court was based upon improperly admitted evidence and (3) that the properly admitted evidence did not support that finding.

The court's written findings were:

"(1) That Jack Lewis Brown is sixteen years of age, his date of birth being April 10, 1961; and

"(2) That the sophistication and maturity of the above-named Jack Lewis Brown as determined by his pattern of living are such as to make disposition as a juvenile inappropriate; and

"(3) That there is a lack of any appropriate services or facilities available to the Juvenile Court in addition to those which have already been provided, adequate for rehabilitation of the above-named Jack Lewis Brown; and

"(4) That the best interests of Jack Lewis Brown would not be served by retaining jurisdiction of Jack Lewis Brown in the Juvenile Court."

---

[1] ORS 419.533(1) and (2):

"(1) A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:

"(a) The child is at the time of the remand 16 years of age or older;

"(b) The child committed or is alleged to have committed a criminal offense or a violation of a municipal ordinance; and

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court.

"(2) The juvenile court shall make a specific, detailed, written finding of fact to support any determination under paragraph (c) of subsection (1) of this section."

ORS 419.533(2) provides that

"[t]he juvenile court shall make a specific, detailed, written finding of fact to support any determination under paragraph (c) of subsection (1) of this section."

ORS 419.533(1)(c) requires a determination that

"* * * retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court."

The state concedes that the court's written findings were not sufficiently detailed. Appellant, on the other hand, concedes that under *State ex rel Juv. Dept. v. Cole,* 280 Or 173, 570 P2d 365 (1977), the inadequacy in the form of the written findings does not require reversal. In that case the court upheld a remand order despite inadequately detailed written findings. The court observed that

"[t]he purpose of the statutory requirement is obvious. The legislature wanted to make sure, when juvenile court judges transfer charges against juveniles to the criminal court for disposition, that the judges actually consider the criteria which the legislature has laid down for such transfer. * * *" 280 Or at 177.

After quoting from the record the oral findings of the juvenile court, the Supreme Court stated:

"It is apparent from the above excerpt that the juvenile judge did exactly that which the legislature was intending to require of her by the passage of the statute requiring written findings. It would be a victory of form over substance if we were to invalidate the judge's orders because she made no written findings of fact as required by the statute, when the purpose of the statute in requiring such findings was to cause her to go through the exact mental process that she went through. * * *" 280 Or at 178.

In this case the court made the following oral findings on the record:

"The child is, at the time of remand, 16 years of age or older. The child has committed—well in this particular case he is alleged to have committed a criminal offense— violation of Municipal Ordinances. I am convinced after

hearing all of the evidence that there are no programs available for him in the Juvenile system; that those programs that we have attempted to use for Jack previously have been a total failure, and that we would be only repeating the failure that has already taken place. There seems to be nothing available for him. I am also convinced from the history of his behavior and from the psychiatric reports that he's a sociopath and I think, basically, I think the only reason he should be remanded and the final reason he should be remanded to the Adult Court is that he has to face the reality of what his crimes are; that he has to face the reality that he will be possibly imprisoned, that he has to learn that we are no longer going to be trying to find programs for him, but will be placing him in correctional facilities that are appropriate to the types of crimes he's committed and will continue to commit."

As in *State ex rel Juv. Dept. v. Cole, supra,* it is clear from the juvenile court's oral findings that the criteria laid down by the legislature were fully considered.

■ Appellant argues that the court's finding under ORS 419.533(1)(c) was based on the improperly admitted testimony of his juvenile probation officer that in his opinion it was in appellant's best interests that he be remanded. Appellant argues that the opinion was not admissible because the probation officer was not sufficiently acquainted with appellant and because the opinion was contradicted by his other testimony. Whether the opinion was inconsistent with other testimony was a matter for argument; it did not affect admissibility.

Appellant also asserts that the probation officer's opinion was inadmissible because it was based upon a report of a psychiatrist that came within the privilege provided by ORS 44.040(1)(d).[2] Actually, the probation

---

[2] ORS 44.040(1)(d):

"(1) There are particular relations in which it is the policy of the law to encourage confidence, and to preserve it inviolate; therefore a person cannot be examined as a witness in the following cases:

"* * * * *

officer was allowed to testify directly over appellant's objection that the psychiatrist had concluded that appellant was a "sociopath." Although the assignment of error is not as clear as might be desired, we believe the admission of that testimony is properly raised.[3]

■■ The burden was on appellant, the party asserting the privilege, to show that the testimony offered was within the ambit of the statute. *State ex rel Juv. Dept. v. Madison,* 27 Or App 31, 554 P2d 1022, *rev den* (1976). The only evidence concerning the nature and purpose of the psychiatric diagnosis indicated that it was based upon a single examination performed as "an evaluation done during his first stay [at MacLaren, a juvenile detention facility]." On that evidence we would not conclude that the testimony objected to concerned information acquired in attending the patient which was necessary to enable the psychiatrist to prescribe or act for the patient, as required by ORS 44.040(1)(d). *See Triplett v. Bd. of Social Protection,* 19 Or App 408, 528 P2d 563 (1974).

■ Finally, appellant argues that the evidence does not support a remand order because it establishes that appellant is likely to complete his high school education if he remains in the juvenile system, but is unlikely to do so otherwise. The record does not support the argument; but even if it did, we would not necessarily find it dispositive. Appellant's probation officer suggested that a program leading to a high school diploma would be available to appellant whether or not he was retained in the juvenile system.

"(d) Subject to ORS 44.610 to 44.640, a regular physician or surgeon shall not, without the consent of his patient, be examined in a civil action, suit or proceeding, as to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient."

[3] The state's brief contains no discussion of whether the privilege is available in a remand proceeding. *See State ex rel Juv. Dept. v. Brown,* 19 Or App 427, 528 P2d 569 (1974), *cert den,* 421 US 1003 (1975).

He testified that appellant would complete the program no matter where he was only if he became more highly motivated. While in the juvenile system he had made little educational progress.

Giving appropriate weight to the findings of the juvenile court, which had an opportunity to see and hear the witnesses, we conclude that the evidence supports the remand order.

Affirmed.