Argued and submitted May 23, affirmed August 25,
reconsideration denied September 25,
petition for review denied November 20, 1980 (290 Or 157)

In the Matter of Banker, Toma a minor child.

## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY,

*Respondent,*

*v.*

## BANKER, aka BROAD,

*Appellant.*

(No. 61498, CA 15892)

615 P2d 1168

Phillip M. Margolin, Portland, argued the cause and filed the brief for appellant.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Appellant's parental rights in respect to her daughter, born August 28, 1978, were terminated under ORS 419.523(2).[1] She appeals, asserting that there was insufficient evidence to support the judgment, that evidence of her mental health records were privileged and were erroneously received in evidence (ORS 179.505(9)) and that the court erred in admitting evidence of communications between appellant and a public health nurse because of the confidential nature of the evidence. ORS 44.040(1)(g). We need not address the second assignment of error, for appellant did not raise any objection at trial to the admission of the evidence. In any event we review *de novo* (ORS 419.561(4)), and the evidence of her condition was overwhelming, even if the challenged records are ignored. *State ex rel Juv. Dept. v. Hayworth,* 35 Or App 161, 165, 581 P2d 100, *rev den* 284 Or 235 (1978).

■ The record indicates that appellant exhibits mental confusion, thought disorders and "blocking" behavior. At the time of the hearing she was a patient

---

[1] ORS 419.523(2):

"The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change. In determining such conduct and conditions, the court shall consider but is not limited to the following:

"(a) Emotional illness, mental illness or mental deficiency of the parent of such duration as to render it impossible to care for the child for extended periods of time.

"(b) Conduct toward any child of an abusive, cruel or sexual nature.

"(c) Addictive use of intoxicating liquors or controlled substances.

"(d) Physical neglect of the child.

"(e) Lack of effort of the parent to adjust the circumstances of the parent, conduct, or conditions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected."

at Dammasch State Hospital, where she was diagnosed as paranoid schizophrenic. There is little chance that her condition will permanently improve. Since the birth of her daughter appellant has received support from many different sources, including help with her finances, diet, nutrition and health. Some of the support personnel visited her on a weekly basis. Their testimony was unequivocal that appellant's mental confusion and impaired learning difficulties prevent her from providing for the emotional and physical needs of the child. Despite the support, there had been no noticeable improvement in appellant's ability to care for the child.

The child was described as lethargic and unresponsive. The witnesses attributed that condition to the mother's inability to stimulate the child and to provide for any emotional involvement. The record shows that the child was kept in a darkened room most of the time with little or no exercise or stimulation. She was overweight and lacked muscular coordination, due in part to an inadequate diet; she had none of the normal responses of a 10-month-old.

Although appellant may function alone in society at a minimal level with some support, she is unable to provide for the needs of her child; the child's best interests would undoubtedly be served by the termination. We conclude that the preponderance of evidence supports the termination order.

■ Appellant argues that the court erred in admitting testimony of a public health nurse from a county health department in Washington. The nurse was allowed to testify as to her observations and opinions acquired during interviews and home visits with the appellant. Appellant objected to that testimony on the ground that it was protected by ORS 44.040(1)(g), which provides:

> "A licensed professional nurse shall not, without the consent of a patient who was cared for by such nurse, be examined in a civil action or proceeding, as

> to any information acquired in caring for the patient, which was necessary to enable the nurse to care for the patient."

The nurse-patient privilege applies only to "information acquired in caring for the patient, which was necessary to enable the nurse to care for the patient." The public health nurse became acquainted with appellant through a multi-faceted social service program and was not in this instance engaged in furnishing nursing care to appellant. She was not administering medicine or therapy. She was acting, as were the other support personnel, in a protective function. *See State ex rel Juv. Dept. v. Madison,* 27 Or App 31, 554 P2d 1022, *rev den* (1976); *Triplett v. Bd. of Social Protection,* 19 Or App 408, 528 P2d 563 (1974). The court did not err in overruling appellant's objection.

Affirmed.